UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFER, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-01492-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 7) |

Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action.[1]  (Doc. No. 2.)  Plaintiff filed objections on November 12, 2020.  (Doc. No. 4.)  On December 10, 2020, the undersigned adopted the findings and recommendations in full and

/////

/////

---

[1]  On December 1, 2020, the civil case filing fee in the Eastern District of California increased to $402.00.

1

ordered plaintiff to pay the filing fee within thirty (30) days.[2]  (Doc. No. 5.)  In that order, plaintiff was warned that his failure to pay the filing fee within the specified time would result in the dismissal of this action.  (*Id.* at 2.)

On December 29, 2020, plaintiff filed a motion for clarification, which the court construes as a motion for reconsideration of the undersigned's order adopting the magistrate judge's findings and recommendations.  (Doc. No. 7.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control."  *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in

---

[2]  On December 11, 2020, the undersigned entered an amended order correcting the filing fee amount.  (Doc. No. 6.)

1 original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or
2 different facts or circumstances are claimed to exist which did not exist or were not shown"
3 previously, "what other grounds exist for the motion," and "why the facts or circumstances were
4 not shown" at the time the substance of the order which is objected to was considered.

5       Here, plaintiff has not demonstrated grounds upon which this court should grant his
6 motion for reconsideration. Plaintiff argues that he is under imminent danger and should be
7 granted leave to proceed *in forma pauperis* because, since July 29, 2016, transportation officers
8 have continuously threatened him with attacks and threatened to have him killed every time he is
9 sent out for court proceedings. (Doc. No. 7 at 1.) Specifically, plaintiff states that on October 1,
10 2020, and October 5, 2020, correctional officers threatened him with an assault and an order to
11 have him killed in the yard. (*Id*.) Further, on November 14, 2020, plaintiff states that he was
12 attacked and stabbed multiple times on the orders of defendants Pfeifer, Sullivan, and Arlitz. (*Id.*
13 at 2.)

14       As explained in the court's previous order, the findings and recommendations concluded
15 that plaintiff was not in imminent danger because he filed this action over 15 months after the
16 events alleged in his complaint occurred and plaintiff has not addressed that conclusion in his
17 motion for reconsideration. (*See* Doc. Nos. 4-6.) None of plaintiff's allegations in his motion for
18 reconsideration establish that he was in imminent danger of serious physical injury at the time the
19 complaint was filed in this action, as opposed to at some earlier or later time. Section 1915(g)'s
20 imminent danger exception applies "if the complaint makes a plausible allegation that the
21 prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v.*
22 *Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); *see also id.* at 1053 (The availability of the
23 imminent danger exception "turns on the conditions a prisoner faced at the time the complaint
24 was filed, not at some earlier or later time."). Furthermore, plaintiff alleges that the October 1,
25 2020 and October 5, 2020 threats were made by John Doe correctional officers rather than the
26 defendants in this case. These events therefore do not appear to be related to the claims presented
27 by plaintiff in this action. *See Chappell v. Fleming*, No. 2:12-cv-0234 MCE AC, 2013 WL
28 2156575, at *6 (E.D. Cal. May 17, 2013) (declining to find imminent danger because "Plaintiff's

legal claims, as raised in the complaint, d[id] not establish a nexus between the unlawful conduct and the perceived threat to plaintiff's safety"), *report and recommendation adopted*, No. 2:12-cv-0234 MCE AC, 2013 WL 3872794 (E.D. Cal. July 25, 2013).

The time period provided for plaintiff to pay the required filing fee to pursue this action has expired, and plaintiff has not paid that filing fee. However, plaintiff's objections are dated December 21, 2020, indicating that they may have been mailed within the time period provided by the court for paying the filing fee. In light of plaintiff's *pro se* status and current imprisonment, the court will grant plaintiff an additional twenty-one (21) days to pay the required filing fee.

Accordingly:

1. Plaintiff's motion for clarification (Doc. No. 7), deemed to be a motion for reconsideration, is denied;

2. Within twenty-one (21) days following the date of service of this order, plaintiff shall pay the $402.00 filing fee in full to proceed with this action;

3. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action with prejudice; and

4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **January 13, 2021**                    _Dale A. Drozd_
                                                 UNITED STATES DISTRICT JUDGE

4